ANNA WEINBAUM *vs.* MORRIS WEINBAUM.

MARCH 12, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a petition for divorce brought by the wife on the grounds of extreme cruelty and neglect to provide. At the trial in the superior court she expressly waived the ground of cruelty.   The trial justice found that she had failed to prove the ground of neglect to provide and denied and dismissed her petition.   The case is here on her bill of exceptions containing only an exception to that decision.

The petitioner testified that respondent had neglected to provide for her support for the period of one year next before the filing of her petition on October 21, 1952.   The respondent admitted on the witness stand that he had not supported her during such period.   However, he defended his conduct on three grounds: First, that for good consideration his wife had renounced her right to claim such support; second, that she had ordered him out of their house without just cause; and third, that in any event he was not able to support her.

The trial justice expressly found that there was no agreement which would support the respondent's first ground; that his other two grounds were amply supported by the evidence; and that petitioner, in any event, had utterly failed to prove her charge against respondent.   He reached these conclusions largely on the basis of credibility.   In his decision he stated that the reasons given by petitioner for

ousting respondent from his home "were not credibly and convincingly proved"; that the testimony of her witness "was not impressive"; that it left his "mind * * * in grave doubt as to its truthfulness"; and that her entire case was "strongly suggestive of outside interference." He further stated that the demeanor of her witnesses as well as the indefinite or at times inaccurate statements of petitioner herself played a strong part in leading him to that conclusion. On the other hand he said that respondent impressed him favorably, except for his testimony that there was an agreement in which petitioner waived her right to support. "My personal appraisal of him as a witness," the trial justice said in his decision, "convinced me that he was sincere and truthful in his version of his domestic troubles. I believe his testimony in this respect, although I think he misunderstood his wife's purpose when she prevailed upon him to dispose of their bottling business."

After carefully reading the transcript, we are of the opinion that there is no serious question of law involved here but one solely of fact as to whether petitioner's conduct in ordering respondent from the house was such as forfeited her right to claim support from him until she offered to resume cohabitation with him. The narrow question is whether she forfeited her claim to support by forcing him to vacate the house. On such question, especially where its solution depends, as here, on the credibility of the parties and their witnesses, the findings of the trial justice necessarily carry great weight. For that reason we should not disturb his decision unless it is clearly wrong or unless he has misconceived or overlooked important evidence in petitioner's favor. From our examination of the transcript we cannot say that he erred as to the evidence or that his decision is clearly wrong.

We have purposely refrained from discussing the testimony upon which petitioner relies, because we think that we may thereby avoid placing new obstacles in the way of

a possible reconciliation of the parties. Our consideration of all the evidence leads us to believe that such a desirable result is not improbable if further publicity of the details of the domestic disagreements of the parties is withheld and the "outside interference" to which the trial justice rightfully referred is completely removed. An amicable settlement by the parties of their domestic differences would promote the welfare of their two young sons which is always the first consideration in a case of this kind.

The petitioner's exception to the decision is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent, Raymond A. Thomas,* for petitioner.

*Nathan Perlman, Harold W. Demopulos,* for respondent.