JOSEPH S. VOTTA *d.b.a.* ELMHURST REALTY COMPANY *vs.* LOUIS CALCAGNI *et ux.*

JUNE 22, 1956.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

CONDON, J. This is an action of the case in assumpsit for a broker's commission on a sale of the defendants' real estate. After a trial in the superior court the jury returned a verdict for the plaintiff. Thereafter the defendants duly filed a motion for a new trial on the grounds that the verdict was against the law and the evidence and the weight thereof. The trial justice denied the motion and defendants duly excepted thereto. They have brought the case here on their bill of exceptions containing only such exception.

At the hearing in the superior court on the motion for a new trial defendants relied solely on the ground that the verdict was against the weight of the evidence. In rejecting that contention and denying the motion, the trial justice stated that each side presented credible evidence and, in his words, told "a rather plausible story." He pointed out, however, that the jury believed plaintiff's story rather than that of defendants. After considering the testimony he could not say that such view was against the weight of the credible evidence and therefore he declined to disturb their verdict. In other words we understand that he was of the opinion that on all the evidence reasonable men could have come to different conclusions as to which side had presented the more credible testimony. In such a case a trial justice is not justified in granting a new trial. *Downes* v. *United Electric Rys.*, 80 R. I. 382.

The defendants have the burden here of convincing us that the weight of the credible evidence was contrary to the verdict and that the trial justice's decision was clearly wrong. After carefully reading the transcript we are of the opinion that they have failed to discharge that burden. The evidence was sharply conflicting. The plaintiff testified that defendant Louis Calcagni had agreed to pay him a broker's commission if he sold defendants' house on Texas avenue in the city of Providence. He further testified that he interested Pasquale and Evelyn Rossi in the house, took them to Texas avenue, showed them the house, which was not then finished, and received an assurance from them that they would contact him again when the house was more nearly finished. They did not do so but subsequently bought the house from defendants. When plaintiff learned this he demanded of Louis Calcagni that he pay the commission agreed upon between them. Calcagni refused and claimed the Rossis were not plaintiff's customers.

The Rossis denied that plaintiff had ever shown them the house. They admitted he had tried to interest them in other houses in the locality of Texas avenue but not in Calcagni's house. The defendant Louis Calcagni denied that plaintiff had ever told him about the Rossis being interested in the house. He admitted that he had agreed to pay plaintiff a commission if he procured a customer for the house.

Plainly some of these witnesses were not telling the truth. Either the plaintiff did procure the Rossis as customers for the house or he did not. If the Rossis were to be believed he was not entitled to prevail. However, it was for the jury, in the first instance, to determine which was the more credible testimony. They elected to believe the plaintiff rather than Calcagni and the Rossis. The trial justice who had an equal opportunity with the jury to see the witnesses as they testified and to determine whether plaintiff was telling the truth has, in the exercise of his independent judgment, approved the jury's verdict.

In a case of such sharply conflicting testimony the finding of the ultimate facts is peculiarly for the jury. Since we have found nothing in the record which would plainly show that plaintiff was not worthy of credence, we cannot say that the trial justice was clearly wrong in accepting the jury's evaluation of the plaintiff's credibility and in denying the motion for a new trial. *Grillo* v. *Schaperow,* 81 R. I. 501.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Carl Testa,* for plaintiff.

*J. Raymond Dubee,* for defendants.