BRUIN PAPER BOX INC. *vs.* ANTHONY CREATIONS, INC.

AUGUST 22, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action in assumpsit to recover damages for breach by defendant of an alleged written contract between the parties. It was heard by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The case is before us on the defendant's exception to that decision, all other exceptions being expressly waived.

The parties to this action are corporations. They entered into a written contract in February 1951 whereby defendant agreed to purchase a large quantity of boxes to be manufactured by plaintiff specially for defendant's use in the jewelry business and to be delivered on a monthly quota basis beginning in May and ending in August 1951. Witnesses for the plaintiff testified that in reliance thereon it immediately placed orders for materials and items necessary for the production of the boxes and shortly thereafter commenced the manufacturing process; that it was ready, willing and able to deliver all the boxes by August 1, 1951 in accordance with the contract; and that in compliance with defendant's request it held off on deliveries until the same would be called for by defendant.

The defendant, admitting the validity of the contract, claimed that in December 1951 plaintiff had agreed to its cancellation; that in May 1951, before any sizable deliveries had been made, plaintiff was requested to hold up on deliveries because defendant was receiving large cancellations of jewelry orders from its customers; that early in December 1951 various conversations were held between officers of the two corporations relative to a cancellation of the contract; that at one of these conferences the president of the plaintiff company agreed to cancel the contract; that in the week following said agreement to cancel, plaintiff sent defendant a revised list of orders and shipments, introduced

as defendant's exhibit D, which contained the following notation: "Revised list of orders, including cancellations Week ending December 8, 1951"; that no boxes were shipped thereafter; and that plaintiff never asked for payment until over two years later, when it wrote a letter to defendant asking payment for the balance of the order in question, namely, for the boxes which plaintiff claims defendant refused to accept.

The plaintiff through its president denied that it had ever agreed to cancel the contract and the bookkeeper explained that exhibit D related merely to the "cancellations on shipments" as defendant had requested. It was also denied that said exhibit referred to a cancellation of the contract. There was testimony for plaintiff that it did not make a demand for payment sooner because it was trying to cooperate with defendant, and also because it was carrying on other business with it; that this other business became very small in amount by the end of 1953; and that in January 1954 plaintiff wrote to defendant demanding payment, which defendant refused claiming the contract had been canceled.

This case presents a direct conflict of evidence on material issues, the principal question raised being whether plaintiff had agreed to a cancellation of the contract. The defendant's chief contention is that the trial justice failed to consider this issue or defendant's exhibit D upon which it lays great stress. In support thereof it points to the fact that the trial justice did not mention or specifically refer to exhibit D in his rescript.

In a rescript carefully reviewing the evidence the trial justice discussed the legal problems raised by the pleadings and the evidence. He made specific findings of fact that in his judgment the testimony of all the witnesses did not support a credible conclusion that plaintiff either orally or in writing actually agreed to a cancellation of the contract; and that it was quite possible the subject of cancellation had been discussed but that these talks related to shipments

and not to any agreement to cancel the contract. In our opinion it is reasonable to infer from his language that the trial justice gave due consideration to all of defendant's evidence in support of its defense of cancellation and also to exhibit D, even though he did not refer specifically to this exhibit in his rescript. After making these findings the trial justice concluded that plaintiff had sustained its burden of proof by a fair preponderance of the evidence.

The only question here is whether the trial justice was warranted in holding that there had been no cancellation of the contract involved. His decision upon the clearly conflicting evidence depended to a great extent on the credibility of the witnesses and the reasonableness and probability of their testimony. We have uniformly held that where the parties submit their case on both the law and facts to a trial justice sitting without a jury, his decision is entitled to great weight and will not be set aside unless it is clearly wrong and fails to do substantial justice between the parties. *Grillo* v. *Schaperow*, 81 R. I. 501. We have carefully reviewed the record and since we cannot say that he was clearly wrong or that he misconceived or overlooked any material evidence, the decision must stand.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Dick & Carty, Joseph B. Carty,* for plaintiff.

*Francis J. O'Brien,* for defendant.