ELMER DOCKERY *vs.* ABRAHAM GREENFIELD.

DECEMBER 10, 1957.

PRESENT: Condon, Andrews and Paolino, JJ.

CONDON, J. This is an action of assumpsit which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the sum of $1,500 and costs. The case is here on the defendant's bill of exceptions containing an exception to such decision and certain other exceptions to rulings during the trial. However, since only the exception to the decision has been briefed and argued, the other exceptions are deemed to be waived.

The controversy between the parties arose out of an anomalous transaction in which they agreed to purchase in the name of defendant as conditional vendee for the benefit of plaintiff a 1951 Cadillac convertible coupe on a conditional sales contract from Trinity Auto Sales, Inc. of Providence. The evidence shows that plaintiff saw the Cadillac on the conditional vendor's used car lot and wanted to buy it on time, but felt he could not get it for the reason, as he testified, that he was a stranger in Providence without any credit standing. He thereupon made known his predicament to defendant at whose hotel he was a guest. At plaintiff's request defendant consented to enter into the required conditional sales contract on behalf of plaintiff, provided he would furnish the full down payment and punctually provide defendant with the money to pay each monthly installment as it fell due. The plaintiff agreed and accordingly on or about November 6, 1952 he made the down payment, defendant signed all the necessary papers, and the conditional vendor gave him possession of the car. Thereafter plaintiff drove it to defendant's hotel parking lot.

There is a conflict in the testimony as to whether plaintiff was to have any right to custody or use of the car. The plaintiff testified that he was to have such right as long as he provided defendant with the money to meet each monthly payment and that he had exercised such right without question until December 15, 1952. Upon returning from Pinehurst, North Carolina, where he had driven the car to attend the funeral of a relative, he was arrested at the door of defendant's hotel on a complaint made by defendant charging him with larceny of the car. At that time defendant claimed ownership of the car and did not acknowledge any right in plaintiff to its custody, although he, plaintiff, was paying for it. In these circumstances plaintiff retained counsel, and as a result of negotiations the criminal complaint was discontinued on payment of costs, and on January 8, 1953 the written memorandum agreement, upon which the instant action was brought, was entered into between the parties.

That memorandum agreement was apparently intended to clarify and make more certain the terms of the oral agreement. It expressly provided that plaintiff would purchase and defendant would sell the Cadillac for the balance of the notes then due plus an additional $300 payable on the signing of the memorandum and $150 on or before the fifteenth day of each month commencing January 15, 1953. The agreement further provided that defendant was to retain title and possession until plaintiff paid the purchase price in full. The plaintiff fully complied therewith until on or about September 1, 1953 when he learned that defendant had transferred the car to a third party.

The defendant testified that under the original oral agreement plaintiff had no right to the custody or use of the car; that he, defendant, was the owner; and that he had charged plaintiff with stealing the car because he had gotten possession by a ruse and without his, defendant's, permission. The memorandum agreement definitively established two

things: First, that defendant was entitled to possession of the car; and second, that plaintiff had a right to acquire title provided he faithfully furnished defendant with the money to meet the monthly payments under the conditional sales contract between defendant and the conditional vendor.

Notwithstanding plaintiff's full compliance with the terms of the memorandum agreement by making payments to defendant in the aggregate sum of $1,500, defendant contends that he has no just cause of action against him on two grounds: First, there is no valid consideration to support the alleged contract; and second, if there is such consideration, plaintiff is estopped by his own conduct because he himself told defendant to dispose of the car as best he could.

The first ground is without merit. In our opinion the whole transaction is so peculiar that the evidence of the oral agreement and the memorandum agreement must be considered together to understand the mutual rights and obligations of the parties and to do justice between them. As a result of defendant's promise to "front for him" in the conditional sales transaction plaintiff was induced to pay out substantial sums of money toward the purchase of the Cadillac in defendant's name. This was a detriment to plaintiff sufficient to constitute a valuable consideration to support the obligation of defendant to hold the car as long as plaintiff met the required payments under the conditional sales contract. A valuable consideration may consist in some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other party to an agreement. *Darcey* v. *Darcey*, 29 R. I. 384. See also *Burrough* v. *Hill*, 14 R. I. 225.

The defendant, however, testified that the agreement was not to run beyond three weeks. The plaintiff denied there was any such understanding. The memorandum agreement does not indicate that there was any limit of that nature.

In any event the trial justice obviously did not credit such testimony of defendant. And we cannot say that his judgment in that respect was clearly wrong.

The defendant's second ground is also lacking in merit because it is necessarily predicated on a belief in defendant's testimony substantially to the effect that plaintiff had told him to dispose of the car as best he could. The plaintiff categorically denied this. In his decision the trial justice expressly stated that he did not credit defendant's testimony on this point. The decision of a trial justice on credibility customarily carries great weight with this court because of his advantage in being able to observe the witnesses as they testify. *Downes* v. *United Electric Rys.*, 80 R. I. 382. Unless there is a clear indication in the transcript that he must have been mistaken in his judgment of the witnesses, this court has uniformly refused to disturb his decision. *Salcone* v. *Bottomley*, 85 R. I. 264, 129 A.2d 635; *Lawrence* v. *Andrews*, 84 R. I. 133, 122 A.2d 132; *Tormey* v. *Cassidy*, 69 R. I. 302. We are of the opinion that there is nothing in the record here which would warrant us in disturbing his decision rejecting defendant's defense of estoppel.

The defendant relies upon a third and final ground, namely, that plaintiff suffered no loss or damage by the alleged breach. There is clearly no merit in such contention. The plaintiff has certainly lost the sum of $1,500 for which he has received and will receive no benefit unless he is awarded damages for the defendant's breach of the contract. We are of the opinion that in the special circumstances of this case the damages awarded by the trial justice are not inconsistent with the general principles of the law of damages and therefore he did not err in making such award.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Thomas H. Needham, Archie Smith,* for plaintiff.

*William I. Matzner, Mortimer G. Cummings,* for defendant.