PHILIP M. SOWA *vs.* JACOB NEVCHERLIAN.

APRIL 22, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is an action of assumpsit to recover damages for an alleged breach of warranty of title to a certain automobile sold by the defendant to the plaintiff. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff for $2,530.75. It is before us solely on the defendant's exception to such decision.

Prior to the trial in the superior court, a stipulation was filed by the parties substituting the name of John F. Sowa as the party plaintiff.

It appears from the evidence that plaintiff, a used car dealer, purchased an automobile from defendant and subsequently sold it to a third party. The car was later stolen from the third party who then discovered that he could not recover for such loss from his insurance company because it was a stolen car when it was purchased by plaintiff from defendant. The plaintiff testified that it cost him $1,910 to settle the third party's claim against him. He brought the instant action to recover damages suffered by him for breach of warranty of title.

The defendant admitted that he knew it was a stolen car when he sold it to plaintiff and he also acknowledged receipt from plaintiff of a check for $1,600 in payment of said car. However, he testified that plaintiff knew at the time of the transaction that he was buying a stolen automobile. He also testified that plaintiff demanded and received from defendant a kickback of $200.

The plaintiff denied these charges. He testified that he did not know the car was stolen and he denied receiving a kickback. He further testified that he had been in the used car business about twenty to twenty-two years; that he was familiar with the value of such a car in that area; that $1,600 was the fair market value at that time to him as a dealer; and that such amount was the O. P. S. (Office of Price Stabilization) ceiling for said car.

On the basis of the foregoing evidence and other conflicting testimony, which we do not deem it necessary to discuss, the trial justice rendered a decision for plaintiff for $2,530.75. The only question before us is whether he was clearly wrong. His decision on the conflicting evidence depended to a great extent on the credibility of the witnesses and the reasonableness of their testimony. After carefully reading the record we are of the opinion that the trial justice based his decision on the question of credibility.

One of the principal issues before him was whether plaintiff knew that the car in question was a stolen automobile

at the time he purchased it. The trial justice clearly stated that the vital question for him was to determine who was telling the truth. After carefully reviewing the evidence he stated that he believed plaintiff's testimony on all the issues raised by the conflicting evidence. He further stated that he believed plaintiff's testimony on the issue of whether he had knowledge of the fact that it was a stolen car.

We have uniformly held that where the parties submit their case on both the law and the facts to a trial justice sitting without a jury, his decision is entitled to great weight and will not be set aside unless it is clearly wrong, and fails to do substantial justice between the parties. *Bruin Paper Box Inc.* v. *Anthony Creations, Inc.*, 84 R. I. 495. We have carefully reviewed the record and since we cannot say that he was clearly wrong or that he misconceived or overlooked any material evidence, the decision must stand.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Goodman, Mackenzie, Gorin & Blease, Jordan Tanenbaum,* for plaintiff.

*William T. Kanelos,* for defendant.