GAETANO PIACITELLI *vs.* JACK SALDIN.

MAY 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case for negligence brought to recover damages for personal injuries allegedly resulting from the defendant's negligent operation of a motor vehicle. The case was tried before a superior court justice sitting with a jury and resulted in a verdict for the plaintiff. The defendant duly prosecuted a bill of exceptions to this court but is pressing only his exceptions to the trial justice's charge to the jury on the issue of the last clear chance. His other exceptions are specifically waived.

It is established by the record that at or about 10:45 on the morning of January 22, 1958, plaintiff, with his foreman John W. Elliott as a passenger, was operating a GMC suburban truck westerly along Hartford avenue in the town of Johnston. As the truck was making a left turn and entering Scenic View Drive it was struck by a Buick car coming from the west and operated by defendant. The truck was owned by a dealer, not a party to these proceedings, and was being tested by plaintiff presumably prior to purchase by the latter's employer. In the light of the defendant's exceptions this fact acquires unusual materiality.

The record further establishes that Scenic View Drive intersects Hartford avenue on the south which at that point is four lanes in width, each lane being ten feet wide; that Scenic View Drive is approximately two hundred feet east of the brow of a hill; that on the day of the accident the avenue at the location in question was zoned to permit a maximum of thirty miles per hour; and that the weather was foggy in patches.

The plaintiff testified that he was proceeding westerly on Hartford avenue in the extreme right-hand or first lane at about eighteen miles an hour; that as he approached what would be the intersecting line of Scenic View Drive he could see to the top of the hill and that no car was coming from that direction; and that he moved over into the second lane, turned on his directional signal for a left turn, slackened his speed to six miles an hour, put out his left hand

and was straddling the center line of Hartford avenue, headed for Scenic View Drive, when he saw defendant's car come over the brow of the hill.

He further testified that when first observed, defendant was in the third lane but that as defendant approached the intersection he moved into the fourth lane and was traveling about fifty miles an hour; that plaintiff was in the fourth lane when defendant moved to that lane from the third, although there was no traffic in the third lane; that when defendant was seventy-five feet away plaintiff blew his horn but defendant did not slacken his speed; and that when three fourths of the length of the truck had traversed Scenic View Drive it was struck in the rear right fender by defendant's car. It was also his testimony that at the time he first observed defendant's car and had completed his left turn, he was somewhat east of the center line of the intersection and headed toward Scenic View Drive.

The plaintiff's foreman Elliott largely corroborated the former's testimony. He estimated defendant's speed, however, at fifty to sixty miles an hour. His testimony also agreed with that of plaintiff to the effect that the latter had more or less angled into a left turn, rather than coming up to the intersecting line and making a right-angle turn. On cross-examination Mr. Elliott admitted that suit had been brought on his behalf against the dealer to whom the truck was registered and that the declaration contained allegations of negligence on the part of the instant plaintiff.

The defendant testified by deposition. He placed his speed at thirty to thirty-five miles an hour, recalled Hartford avenue as a three-lane highway, and testified that plaintiff was thirty or forty feet away when first observed and was making a left turn. He further testified that he swerved to the left to avoid a collision but was unsuccessful.

James H. Hainsworth, a milk route salesman, was called as a witness by defendant. He testified that he was operating his milk truck westerly along Hartford avenue in the

right-hand lane behind plaintiff's truck; that he could not remember how far he was behind; that neither he nor plaintiff was driving fast and that plaintiff did not go up to the intersecting line and turn at a right angle, but rather gradually moved to the center of the highway and crossed the center line of Hartford avenue somewhat to the east, or left, of what would be the center line of Scenic View Drive.

His memory was faulty on many details of the accident, but two previously recorded statements made by him dated February 10, 1958 and October 9, 1958 respectively became part of the record. In the first statement he tended to corroborate plaintiff's testimony as to the position of defendant's car when plaintiff was crossing the center line of Hartford avenue, but again referred to plaintiff as "gradually" turning to his left. In the October 9 statement, however, he attributed the accident to plaintiff's negligence.

At the conclusion of the evidence defendant's motion for a directed verdict was denied. The record discloses that the trial justice considered that plaintiff may have been negligent in making his turn to the left, not having complied with the rules of the road in that regard, but likewise that by defendant's own testimony the latter was operating his car in excess of the authorized limit. It is clear from the remarks of the trial justice, equally audible to both parties, that he was leaving the question of proximate cause to the jury as one of fact.

At plaintiff's request the trial justice charged the jury on the doctrine of the last clear chance and the jury returned a verdict for plaintiff.

The defendant presses three exceptions, one to that portion of the charge relating to the last clear chance and two others to the granting of plaintiff's requests to charge on the doctrine. Since, however, the trial justice did not instruct the jury exactly as requested the three exceptions may be considered as a single exception and we shall so consider them.

The defendant does not question the trial justice's dissertation on the doctrine of the last clear chance. It is his position that in the circumstances of the case it was error to have included a reference to the doctrine.

In support thereof he advances two contentions: First, that the declaration contained a single count and failed to alert defendant that plaintiff would rely on the doctrine and that defendant is entitled to be made aware of plaintiff's claim by the pleadings; and, secondly, that if this court should disagree with his position the evidence adduced in the case at bar nevertheless did not warrant an application of the doctrine.

In support of his first contention defendant relies principally on *Malfetano* v. *United Electric Rys.*, 58 R. I. 129, wherein this court stated at page 136:

"But we are of the opinion that she was not required, in order to recover under the doctrine, to mention it in her declaration. It is enough if she has alleged and described negligent conduct by the defendant which *may* entitle her to a verdict under the doctrine in the form that has become the law of the case. This she has done, at least in her third count. There she has alleged a duty by the defendant to watch out for persons crossing its tracks and a negligent breach of that duty in this case, so that it did not become aware of her dangerous position until it was too late for it to avoid striking her, 'which the defendant could have done but for its negligence in watching out for persons crossing its tracks as was the plaintiff.' She has thus stated in substance that after the defendant would have discovered her peril, if it had been in the exercise of reasonable care, it could have avoided striking her, but did not avoid doing so. If these statements were proved, the doctrine, as it was stated by the trial justice, became applicable to the case."

From the foregoing language defendant argues that this court indicated that there is a duty on plaintiff to allege in his declaration, perhaps by an added count, some circumstance which would inferentially tend to cast doubt on plain-

372

tiff's exercise of due care. We are not persuaded that there is merit in this contention.

The posture in which the *Malfetano* case was presented was such that it was not necessary for this court to pass upon the applicability of the doctrine in the absence of an allegation of specific negligence. The case at bar is the first instance, so far as we are able to discover, in which the exact question has arisen in this jurisdiction, and we do not agree that the decided cases are inferentially controlling. Rather we are of the opinion that where no special duty exists apart from that of ordinary due care, a question of applicability may result from the evidence adduced by either party pursuant to such a declaration.

In *Reichwein* v. *United Electric Rys.*, 68 R. I. 365, we held that in an action of trespass on the case for negligence involving a highway collision, the essential facts with reference to negligence are the plaintiff's right in the highway in the exercise of due care and the defendant's interference with the plaintiff's right by running into him, and that such a declaration was sufficient without further specification of the defendant's negligence.

Although the doctrine of the last clear chance becomes applicable only when on the state of the evidence the jury would be warranted in finding some prior negligence on the part of plaintiff which resulted in placing him in a position of danger, such a finding is in the nature of a conclusion with which plaintiff may not agree and could hardly be expected to raise by his declaration.

Nor is his allegation of freedom from contributory negligence at variance with a determination by the jury that plaintiff had negligently created a condition as distinguished from a cause. We have previously held that to constitute contributory negligence barring a recovery there must be a want of ordinary care on the part of a plaintiff and a proximate connection between that negligence and the injury. *Peycke* v. *United Electric Rys.*, 49 R. I. 257.

The defendant complains, however, that since he has the burden of arguing to the jury first, he is at a disadvantage unless alerted by the pleadings that plaintiff will rely on the doctrine in his argument. We see no merit therein. As in the instant case, the question of the doctrine's applicability may arise from defendant's efforts by cross-examination, or the direct examination of his own witnesses to rebut plaintiff's evidence of his own due care. In the instant case, moreover, the decision of the trial justice on defendant's motion for a directed verdict could not fail but suggest to both parties the possibility of the doctrine's applicability.

The defendant's remaining contention rests on the proposition that notwithstanding the sufficiency of plaintiff's declaration the trial justice was not warranted in referring to the doctrine on the state of the evidence adduced at the trial. In support of this contention he cites *New England Pretzel Co.* v. *Palmer,* 75 R. I. 387, and certain other cases which need not be considered.

The defendant argues that on the evidence most favorable to plaintiff, defendant had something less than five seconds in which to comprehend plaintiff's peril, and that this period of time began to run when plaintiff was making his left turn and defendant had crested the brow of the hill. He quotes from *New England Pretzel Co.,* at page 391, as follows:

> "The decisive question here on defendants' exception to that ruling is whether the evidence is such that the doctrine of the last clear chance can be properly invoked. That doctrine has long been recognized in this state but there have been comparatively few controversies in this court relative to its application in a given case. *Vizacchero* v. *Rhode Island Co.,* 26 R. I. 392; *Malfetano* v. *United Electric Rys.,* 58 R. I. 129. It is clear that in those cases where the occasion has arisen for a discussion of the limits of the doctrine the court has held it applicable only where the evidence disclosed that the plaintiff had negligently placed him-

> self or his property in a position of peril; that defendant thereafter had become aware or in the exercise of due care ought to have become aware of plaintiff's peril and his lack of comprehension of it or apparent inability to extricate himself from it; that the defendant if he had been in the exercise of due care had a reasonable opportunity thereafter to avoid injuring the plaintiff; and that defendant failed to exercise such care."

He concludes that in the light of the time element as determined by him and the added fact that plaintiff presented a moving target, the circumstances of the instant case do not constitute the "reasonable opportunity" which this court apprehended in the *New England Pretzel* case.

The defendant misconceives the view of the evidence which might properly have been taken into consideration by the jury. From the testimony of the plaintiff and the witness Elliott, as well as the Hainsworth statement recorded February 10, 1958, the jury would be warranted in finding that the plaintiff had negligently executed a left turn; that such negligence, however, constituted a condition with which the defendant was confronted when he reached the brow of the hill and started down in the third lane; that the plaintiff was as visible to the defendant as the latter was to the plaintiff; that the defendant had some two hundred feet to travel in the third lane; and that the plaintiff in continuing to cross had less than the length of his truck to travel before reaching the fourth lane and removing himself from the defendant's path. In such circumstances we cannot say that the trial justice erred in charging the jury on the doctrine of the last clear chance.

The defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Guy J. Wells,* for defendant.