228 A.2d 858.

MICHAEL PEZZA *et ux. vs.* MARGARET M. PEZZA, *Ex'x of the Estate of Rocco Pezza.*

APRIL 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The complainants brought this bill of complaint[1] to enjoin the respondent from foreclosing a mortgage on certain real estate owned by them. They also pray that the mortgage note and mortgage deed allegedly executed by them be declared null and void and also be cancelled and discharged on the grounds that no consideration passed between the parties to such documents and that their signatures to the mortgage deed and note were procured by misrepresentation and fraud. The defendant's answer denied the material allegations in the bill. After a hearing on bill, answer and proof, a justice of the superior court rendered a decision and entered a judgment based thereon denying the relief prayed for, and dismissing the bill on the ground that the plaintiffs had failed to prove a case for relief. The case is before us on their appeal from the entry of such judgment.

The case arose from a transaction which occurred in 1948 between the plaintiff Michael and his brother Rocco, who died in 1964. It appears from the record that on December 18, 1948, plaintiffs signed and executed a mortgage note in the sum of $5,000 and a mortgage deed on their real estate to Rocco. The respondent, in her capacity as the duly appointed executrix of her husband's estate, instituted foreclosure proceedings under the terms of the mortgage.

The bill alleges that the mortgage deed and note are void because no consideration passed from Rocco to plaintiffs; that at the time he allegedly executed the note and mortgage, Michael was legally incapable of so doing; and that Rocco procured their signatures by fraud and misrepresentation. As already stated, respondent's answer denied plaintiffs' allegations.

[1]The use of terminology in this case results from the fact that it was commenced prior to January 10, 1966, the effective date of the new rules of civil procedure of the superior court, but the trial justice rendered his decision and entered the judgment based thereon after such date.

It will serve no useful purpose to discuss in detail the conflicting evidence at the hearing in the superior court. Suffice it to say that although Michael testified he did not receive the $5,000 from his brother, there is testimony in the record that such a loan did occur prior to the execution of the mortgage and note. There is also testimony that the instruments had been drawn by an attorney at the suggestion of an accountant for both brothers and that the mortgage had been recorded. It further appears that in 1957, Michael sold two portions of his property to two different purchasers, at which time it became necessary to obtain partial releases of the mortgage from his brother Rocco. The same attorney was engaged by both Michael and Rocco to prepare the necessary releases which Rocco executed. The mortgage note and deed remained in Rocco's possession until his death.

It is evident from the foregoing recitation of facts that the trial justice was faced with conflicting evidence involving factual issues which could be determined only on the basis of credibility. In his decision he reviewed the pertinent evidence and after analyzing the testimony and the exhibits he concluded that plaintiffs had completely failed to prove a case for relief. His decision was clearly based on credibility; had he accepted plaintiffs' version of what transpired in 1948 and thereafter, he could have decided the case in their favor. He obviously did not believe their version and therefore resolved the conflicting evidence on the material issues against them.

The rule applicable in cases where the trial justice rests his decision on credibility has been stated in a long line of cases in this state. Only recently in *Krall* v. *M. A. Gammino Construction Co.*, 97 R. I. 495, 497, 199 A.2d 122, 123, the court stated the rule as follows:

> "Ordinarily the decision of a trial justice on credibility is conclusive, *Weinbaum* v. *Weinbaum*, 81 R. I. 375, 103 A.2d 226, and will not be disturbed by this court

unless he has misconceived or overlooked important evidence or there is a clear indication in the transcript that he was mistaken in his judgment of the witnesses. *Dockery* v. *Greenfield*, 86 R. I. 464, 136 A.2d 682."

See also *Feole* v. *Pagano*, 100 R. I. 311, 214 A.2d 898, and *Rogers* v. *Zielinski*, 99 R. I. 599, 209 A.2d 706.

The plaintiffs have not sustained their burden and therefore we do not disturb the decision of the trial justice.

The judgment is affirmed.

*Anthony DeSimone,* for plaintiff.

*Coleman B. Zimmerman,* for defendant.