250 A.2d 373.

EDMOND GOLDBERG *vs.* DAVID A. GOLDBERG.

FEBRUARY 21, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This action of trespass on the case for negligence[1] was tried before a justice of the superior court without a jury and resulted in a judgment for the defendant. The case is before this court on the plaintiff's appeal from such judgment.

This action arose from a collision in 1965 between automobiles operated by plaintiff and defendant in the intersection of Park Avenue, Pontiac Avenue and Rolfe Street in the city of Cranston. The plaintiff and defendant were the only witnesses who testified with respect to the question of liability. The following facts are uncontradicted. The plaintiff was traveling in a north to northwest direction on Rolfe Street, intending to turn west on Park Avenue. The defendant was traveling southerly on Pontiac Avenue, intending to cross Park Avenue and continue straight on Pontiac Avenue. Travel through the intersection was controlled by traffic lights which operated simultaneously, one being located at the north boundary of Park Avenue at the corner of Pontiac Avenue, and the other at the south boundary of Park Avenue at the intersection of Rolfe Street, which terminates at that point. Pontiac Avenue, when it crosses Park Avenue, veers slightly southwesterly

---

[1]This action was commenced prior to January 10, 1966, the effective date of the new rules of procedure of the superior court, but was heard and concluded after such date in the superior court.

and becomes a one-way street southerly. Rolfe Street, south of Park Avenue, is a two-way street. Just before the accident both parties were stopped at red lights, plaintiff on Rolfe Street headed northwest and defendant on Pontiac Avenue headed south.

The testimony as to what happened when the lights turned green is in direct conflict.

The plaintiff testified that defendant did not start forward immediately, but that plaintiff entered the intersection at once immediately preceded by a car which had been stopped ahead of him at the Rolfe Street light; that plaintiff and that car turned left and proceeded in a westerly direction on Park Avenue, plaintiff following from one-half to one full car length behind the other car and traveling about ten to fifteen miles an hour; that as he started his left turn he saw that defendant was still stopped at the Pontiac Avenue light; that before the accident he "got a glimpse" of defendant's car but he was not watching that car while traveling behind the other car; that when he went three quarters of the way in the intersection he was struck; and that the left front of defendant's car struck the right rear of plaintiff's car.

The defendant's version of what happened is as follows. When the lights turned green for both parties, he proceeded into the intersection with the intention of going straight on Pontiac Avenue and that at that time there were no other vehicles in the intersection. He did not observe any traffic heading westerly on Park Avenue until he got to about the middle of Park Avenue, when he saw plaintiff's car directly in front of him. The plaintiff's automobile appeared before him, coming from defendant's left, when the autos were at a point of about five or six feet apart. In an attempt to avoid the accident, defendant turned toward the right. The defendant was traveling at a speed of five to ten miles an hour as he proceeded into the

intersection and at the time of the impact he was practically stopped.

In the face of this conflicting evidence, the trial justice obviously placed more weight on defendant's version of what happened than on that of plaintiff. He apparently did not believe plaintiff's testimony to the effect that he entered the intersection first. This is borne out by his statement that in his judgment, it was plaintiff's duty "* * * not to make a left turn in the front of approaching traffic," and that "If a car was approaching in the opposite direction, it's negligence of the worst kind for him to make that left turn and expect any other cars to stop." The trial justice found that plaintiff had sustained his burden of proving defendant's negligence, but that he had not sustained his burden of proving by a fair preponderance of the evidence that he was free of contributory negligence.

The plaintiff's first contention is that the trial justice was clearly wrong in finding that he had failed to prove that he was free from contributory negligence. We do not agree.

The difficulty with plaintiff's contention is that he overlooks the factual determination made by the trial justice. It has been repeatedly held by this court in a long line of cases that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. In the case at bar the trial justice did not give complete credence to plaintiff's testimony of how the collision occurred. The testimony as to who entered the intersection first was conflicting. Although he found that defendant was negligent, he apparently accepted his testimony that plaintiff cut in front of him and accordingly concluded that plaintiff made an improper turn in the face of oncoming traffic in violation of G. L. 1956, §31-17-2, which provides as follows:

> "Vehicle turning left.—The driver of a vehicle within an intersection intending to turn to the left shall

yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by chapter 16 of this title, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

The resolution of the question of who entered the intersection first depended on the credibility of the witnesses. The trial justice resolved this conflicting testimony against plaintiff. Ordinarily the finding of a trial justice on credibility is conclusive, *Weinbaum* v. *Weinbaum,* 81 R. I. 375, 103 A.2d 226, and will not be disturbed by this court unless he has misconceived or overlooked material evidence, or there is a clear indication in the transcript that he must have been mistaken in his judgment of the witnesses. *Dockery* v. *Greenfield,* 86 R. I. 464, 136 A.2d 682. We find no such indication; nor is there anything in the transcript indicating that the trial justice misconceived or overlooked any material evidence on the issue of liability. On that issue, therefore, his findings are entitled to great weight and will not be disturbed unless they are clearly wrong. *Sowa* v. *Nevcherlian,* 89 R. I. 39, 150 A.2d 702. On this record, we cannot say that his findings are clearly wrong.

The plaintiff's next and final contention is that even if plaintiff were contributorily negligent, the defendant was nevertheless liable because he had the last clear chance to avoid the accident. He cites the case of *Piacitelli* v. *Saldin,* 94 R. I. 367, 180 A.2d 821, to support this contention. For the "last clear chance" doctrine to be applicable, the evidence must show that defendant had an existing opportunity after he became aware or in the exercise of due care should have become aware of plaintiff's peril to avert the consequences of his negligence and that he failed to exercise that opportunity. *Cinq-Mars* v. *Standard Cab Co.,* 103 R. I.

103, 235 A.2d 81; *Major* v. *Grieg,* 102 R. I. 379, 230 A.2d. 846; *Piacitelli* v. *Saldin, supra.* The evidence in the instant case would not warrant the application of that doctrine. *Piacitelli* is so clearly distinguishable on its facts from the case at bar as to require no further discussion.

Judgment affirmed.

*Fergus J. McOsker,* for plaintiff.

*John G. Carroll,* for defendant.