296 A.2d 676.

MAURICE L. GESUALDI *et al. vs.* WILLIAM MIRANDA *et ux.*

NOVEMBER 20, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.  This is a civil action wherein the plaintiff Maurice L. Gesualdi sought specific performance of an agreement for the sale of real estate.  It was heard before a justice of the Superior Court sitting without a jury.  A decision was rendered against the defendants, and it is from the judgment based therein that the defendants appeal.

Briefly, the facts of this case are as follows.  The defendants William and Mary Miranda were owners of a parcel of land located on Market Street in the town of Warren.  It is on this piece of property that the Mirandas authorized Mrs. Idanella Cariglia, a real estate broker, to place a sign to advertise her business.  Attracted by this sign, Maurice Gesualdi and Mr. Michael Angell approached Mrs. Cariglia expressing their interest in purchasing the property on which the sign was placed.  After a meeting between the two parties arranged by Mrs. Cariglia, an agreement was reached on November 7, 1964.  The terms of the agreement were simple; they included the purchase price and the conveyance of the property, subject to a 60 to 90-day option in which factory approval of the site was to be obtained for a prospective showroom.  The agreement itself was dictated to Mr. Gesualdi by Mrs. Cariglia, who negotiated the agreement on behalf of the Mirandas.  The terms were agreed to by all parties, and plaintiffs gave a $50 deposit to bind the agreement; a receipt was given to plaintiffs by Mrs. Cariglia.

Subsequently, site approval was obtained by plaintiffs who then tendered to Mrs. Cariglia a check for $300 to exercise their option on the property.  On February 6, 1965, plaintiffs were notified by letter that defendants no longer wished to sell.  The defendants argued that it was originally their belief that the site was to be used for a factory not a showroom.

The trial justice found that the contract was binding, and that contrary to defendants' contention of a misunderstanding, defendants changed their minds for the sole reason that they wanted more money. The trial justice came to this conclusion after hearing testimony from both sides. In his decision he also found specifically " * * * that there was no fraud, there was no misrepresentation, there was no overreaching in any way."

## I

This court fails to find error in the trial justice's decision. The defendants have failed to convince us that his findings are not supported by the evidence or that the justice misconceived or misapplied the testimony of the witnesses. *Blume* v. *Shepard Co.*, 108 R. I. 683, 278 A.2d 848 (1971); *Fishbein* v. *Zexter*, 107 R. I. 672, 270 A.2d 510 (1970). The testimony heard by the trial justice regarding the validity of the contract was conflicting. The defendants have argued before this court that they merely signed an agreement that was an offer to purchase their property, an offer which they could reject at any time. However, both Mr. and Mrs. Miranda admitted during examination and cross-examination that they knew the agreement they entered into was for the sale of their property. It was Mr. Miranda who set the price of $20,000 on the property, and he also testified that he understood what the 60 to 90-day option was.

Discrepancies in the testimony of the parties or witnesses raise questions of credibility which are left to the determination of the trial justice sitting without a jury. *See Weinbaum* v. *Weinbaum*, 81 R. I. 375, 377, 103 A.2d 226, 227. It is on the contradictory testimony that the trial justice drew inferences and conclusions to arrive at his decision.

In *Boyd Corp.* v. *Custom Distributing Corp.*, 108 R. I. 610, 613, 277 A.2d 920, 922 (1971), the court reiterated the

long-established rule that where " * * * the parties submit their case on the law and the facts to a trial justice sitting without a jury, his findings are entitled to great weight and will not be disturbed by this court unless it is shown that they are clearly wrong."

We are unable to say in this case that the trial justice's evaluation of the probative force of the testimony offered by defendants in support of their claim was clearly wrong. The defendants have failed to persuade this court that the trial justice's findings and the inferences which he drew from the evidence are clearly wrong, or that his decision fails to do substantial justice to the parties.

## II

There is no merit to defendants' contention that the contract was void because Mr. Miranda was illiterate. The court stated in *Dante State Bank* v. *Calenda*, 56 R. I. 68, 76, 183 A. 873, 877 (1936), that it would not go so far " * * * in favor of a party who claims to have signed a legal instrument in ignorance of its character or in the belief that it was of a different character." The court did not say that one could avoid a contract merely because parties cannot read or have not read the instrument. Ignorance of what defendants were signing is immaterial unless they were deceived into doing so. See *Dante State Bank* v. *Calenda, supra.* The trial justice found as a matter of fact " * * * that there was no fraud, there was no misrepresentation, there was no overreaching in any way."

## III

The second contention raised by the defendants, namely, that Mrs. Cariglia was the plaintiffs' agent, has no validity in view of the finding of the trial justice. He found that Mrs. Cariglia was acting as the agent of the defendants. This finding is supported by the evidence and therefore will not be disturbed by us.

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Taft & McSally, Richard R. DelSesto,* for plaintiffs.

*Raymond A. Thomas,* for defendants.