358 A.2d 682.

R. A. B. REALTY, INC. *vs.* NISHAN SERABIAN *et ux.*

JUNE 10, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an action for specific performance of an option agreement involving certain land in the town of Johnston. The case was heard before a justice of the Superior Court sitting without a jury and resulted in a judgment for the defendants. The case is here on the plaintiff's appeal.

On June 11, 1970, plaintiff corporation, by its president, Robert A. Barbato, and defendant, Nishan Serabian (hereinafter sometimes referred to as defendant), executed a 45-day option agreement wherein the latter offered to sell to plaintiff a tract of land in Johnston for the sum of $33,500. The option agreement provided that defendant would take back a 1-year mortgage of $13,500 and that the $500 which plaintiff had paid for the option was to be credited against the purchase price. It was further

agreed that, if plaintiff failed to exercise his rights under the option, it would forfeit the $500.

One Louis Giuliano acted as an intermediary between the parties. One of the questions in dispute during the trial was whether he was acting as agent for plaintiff, defendant, or both. It does not appear that the parties themselves ever actually met at any point during the dealings.

The evidence shows that Giuliano was asked by defendant to find a buyer for the Johnston property. He interested Barbato in the deal and brought him a map and description of the property which consisted of the original deed to defendants containing the meets and bounds description upon which the option agreement was based. Barbato signed the agreement and gave Giuliano a check for $500 made payable to Louis Giuliano. The latter took the agreement to defendant for his signature and paid over to him the proceeds of the check. This much is undisputed.

Sometime in July, before the option expired, defendant asked Giuliano to find out if Barbato was going to take up the option. Barbato testified that 3 or 4 weeks after the option agreement was entered into, he was contacted by Giuliano about closing the deal. He asked Giuliano if he could have approximately 90 days to close and said he would pay additional money to continue the option. Barbato further testified that he was told that defendant wanted $2,000 to keep the option open; that he did not have the money at the time and that he had told Giuliano he would have it in 3 or 4 weeks; that on August 12, 1970 he gave Giuliano a check payable to Giuliano for $2,000 to keep the option open.

Giuliano testified that he asked Barbato about taking up the option on time; that Barbato said he was waiting for some funds; that he told defendant that Barbato

would give additional money if defendant would wait and that the latter agreed. He further testified that he received the check for $2,000 from Barbato and turned over $2,000 to defendant for an extension of the option.

The defendant denied that there was any discussion with Giuliano regarding an extension of the option or that he ever received $2,000 from Giuliano for that purpose or that he was ever told that there was $2,000 paid by plaintiff for an extension. He testified that he was contacted in late August of 1970 by Giuliano and was told that plaintiff was still interested in buying the land. He said he told Giuliano that he would agree to sell the land with the exception of a 400-foot strip, consisting of four lots.

In any event, a sale was arranged and Giuliano engaged an attorney to search the title and prepare the documents for the closing. The attorney testified that prior to the closing, he had a meeting with defendant when the latter indicated to him that a parcel of land was to be conveyed minus a certain piece and that he drafted the description for the warranty deed to conform. It is undisputed that the land described in the deed prepared by Giuliano's attorney differs from that in the option agreement only by the exclusion of four lots. The attorney testified that this was done on defendant's instructions and that he never discussed the exclusion — or anything else — with Barbato prior to the closing. The defendant denied ever having met the attorney prior to the closing.

On September 21, 1970 a closing was held at defendant's home. Present were Mr. and Mrs. Serabian, Giuliano and Giuliano's attorney. The latter had the following documents: warranty deed from defendants to plaintiff; mortgage deed from plaintiff to defendants; promissory note for $13,500 from plaintiff to defendants; loan closing statement and authorization to disburse funds. At the

closing defendants executed the deed which was notarized by the attorney. Mr. Barbato had executed the mortgage deed and promissory note at his office on September 21, 1970 prior to the closing. He gave them to Giuliano along with a check for $17,500 made payable to Giuliano's attorney as the balance of the purchase price. Barbato stated that he did not compare the description in the mortgage deed with the description in the option.

Mr. Giuliano's attorney testified that at the closing he went over the description in the deed with defendant. The defendant testified that at the closing he wanted to make sure that the 400-foot strip of land was deleted from the description and he said "[u]nder no circumstances would I dispose of the land in its entirety." Also in reply to a question by plaintiff's counsel if it were true that everything was done in the transaction in accordance with the option, defendant replied: "No sir, because at the time of the closing, before I signed any final documents, I wanted to be assured fully by a legal counsel or by someone competent to show me, that I was, in essence, signing what I intended to give; not what was expected of me to give."

The closing statement showed a purchase price of $33,500, a deposit of $500, a mortgage loan of $13,500, and with other adjustments, a net amount to defendant of $19,438.50 plus the mortgage. The defendant received the full amount due pursuant to the closing statement as shown on defendant's bank statement and a bank deposit slip, both showing the amount of $19,438.50. On November 30, 1971, a discharge of the mortgage was executed. The defendant testified further that he had received the full amount of $33,500 plus interest.

In the meantime, Barbato claims he discovered that four lots included in the option agreement had been excluded from the warranty deed, but he was assured by Giuliano that it was nothing to worry about and that he,

Giuliano, would handle it. Having received no further response from Giuliano, plaintiff filed the complaint in the instant matter in January of 1974.

After a trial without a jury, the trial justice rendered his decision wherein he concluded that Giuliano's testimony that he had given $2,000 to defendant in August 1970 in exchange for an extension of the option was unworthy of belief. After discussing the testimony of the other witnesses and on the basis of the undisputed fact that plaintiff had not exercised the option within the agreed-upon 45 days, he found as a fact that plaintiff had failed to prove by a fair preponderance of the evidence that the option had been extended. He also found that when the time for closing arrived, defendant had no intention of conveying the 400-foot strip and so advised Giuliano's attorney. He further found that at that time Giuliano and his attorney were acting as agents for plaintiff and concluded that if plaintiff had any remedy, it was not against defendant but against its own agents who apparently did not discuss the matter of the deletion of the 400-foot strip with Barbato.

In substance, plaintiff's appeal raises two main issues: (1) whether the fact that the price paid for the property and the method of payment were all exactly as specified in the option agreement is proof that the parties intended to operate in accordance with that agreement and (2) whether defendant's acceptance of the purchase price after the expiration of the 45-day time period specified in the option constituted a waiver of the time requirement. The conclusion urged by plaintiff is that the trial justice, in failing to find such a waiver, committed an error of law. For the reasons that follow, we answer both of these questions in favor of defendant and therefore affirm the judgment appealed from.

With respect to the question of whether the evidence

supports the trial justice's finding that the option had not been extended, and thus that the final sale was not conducted pursuant to its terms we need only refer to the conflicting testimony given by Giuliano and defendant on this issue. Giuliano said that he had obtained $2,000 from plaintiff and had given that money to defendant in exchange for an extension of the option. The defendant denied that he had received the $2,000 for that purpose. The trial justice rejected Giuliano's testimony and resolved this question against plaintiff solely on the basis of credibility. Since this finding is based on credibility, it will not be disturbed by us unless it is shown to be clearly wrong, *Gesualdi v. Miranda,* 110 R. I. 694, 696-97, 296 A.2d 676, 677 (1972). The plaintiff in the instant case has failed to do so and, therefore, the trial justice's finding that there was no extension of the option must stand unless plaintiff establishes that the trial justice overlooked or misconceived material evidence.

This brings us to a consideration of plaintiff's contention that in finding that there was no extension of the option the trial justice overlooked the fact that the $500 consideration for the option was deducted from the purchase price at the time of the closing. It is true, as plaintiff states, that there is no mention of the $500 deposit in the decision, but plaintiff has failed to persuade us as to how the failure to include such a reference adversely affects it in view of the undisputed fact that the trial justice based his findings in this regard specifically and expressly on Giuliano's credibility. On the view that the trial justice took, specific reference to the $500 deposit was not necessary.

Regarding the second question raised by this appeal, namely, the question of waiver, plaintiff argues that defendant's action in giving it credit for the $500 option deposit on the purchase price at the closing, rather than

pocketing it as a forfeiture as he was entitled to do under the terms of the option agreement, shows that he had waived the time requirement in the option agreement and thus had assented to proceed according to its terms. The plaintiff also argues that defendant's statement that he was not giving to plaintiff what it expected to receive shows that he knew that plaintiff was accepting the option offer. In brief, plaintiff argues that, in finding that there was no extension of the option, the trial justice clearly overlooked evidence that defendant had waived the time requirement and assented to the acceptance of the option by plaintiff.

The plaintiff's brief fails to indicate whether the question of waiver was raised in the Superior Court. Even assuming, however, that the question is properly before us, we cannot, on this record, agree with plaintiff's claim of waiver. The plaintiff has referred to no evidence which would support a finding, express or inferential, that defendant's deduction of $500 from the purchase price indicated that he intended to operate under the option agreement. In fact, the evidence indicates the contrary conclusion. The defendant made it emphatically clear that he was not parting with the entire parcel of land described in the option agreement, and so instructed plaintiff's agent, that is, the attorney retained by Giuliano, who then proceeded to draw up the deed in accordance with defendant's direction to exclude the aforementioned 400-foot strip.

It is clear on this record that since the option had not been extended, the sale which took place at the closing on September 21, 1970 was a separate transaction and was not governed by the terms of the option agreement and therefore the trial justice did not err in denying the plaintiff the relief it sought.

The plaintiff's appeal is denied and dismissed, the judg-

470

ment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Jackvony & De Conti, Louis V. Jackvony, Jr., Daniel J. Donovan,* for plaintiff.

*Joseph F. Penza, Jr.,* for defendants.